UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL ISRAEL,

                Plaintiff,

   -against-                             **COMPLAINT**

CITY OF NEW YORK,
STEVEN KALLAP, and JOHN DOE,

                Defendants.
-------------------------------------------------------x

        Plaintiff, Michael Israel, by his attorneys, Lumer & Neville, hereby alleges upon information and belief as follows:

## PARTIES, VENUE, and JURISDICTION

        **1.**    At all times hereinafter mentioned, plaintiff Michael Israel was an adult male resident of New York County, in the State of New York.

        **2.**    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including but not limited to, the New York City Police Department ("NYPD") and its employees.

        **3.**    At all relevant times hereinafter mentioned, defendant Steven Kallap (Tax No. 951859) was employed by New York City as a member of the NYPD. Kallap is sued herein in his individual capacity.

        **4.**    At all relevant times hereinafter mentioned, defendant John Doe was employed by New York City as a member of the NYPD. While John Doe directly

participated in plaintiff's unlawful arrest and detention, his name is presently not known to plaintiff. John Doe is sued herein in his individual capacity.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

7. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

8. The City of New York subsequently conducted an examination of the plaintiff pursuant to General Municipal Law §50-H.

9. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

10. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

**RELEVANT FACTS**

11. On March 16, 2016, during the evening hours, plaintiff was lawfully walking and otherwise present on the sidewalk near 115th Street and Second Avenue in New York County, New York.

12. At this time, plaintiff was approached by the two individual defendants.

13. Both of the individual defendants were on duty and acting within the scope of their employment as members of the NYPD.

14. Plaintiff had not engaged, and was not engaging in any unlawful conduct, or any conduct that could reasonably be viewed as unlawful.

15. Despite the absence of any legal cause or individualized suspicion, plaintiff was stopped, detained, and searched by the two defendant officers.

16. The search of plaintiff did not yield any drugs, weapons, or any other type of contraband.

17. Despite the continuing absence of sufficient legal cause to justify the initial detention of plaintiff, much less his arrest, plaintiff was nonetheless arrested, handcuffed, and transported to a local NYPD station house, where he was jailed against his will for a period of time.

18. At no time was there probable cause for the plaintiff's arrest nor was there any reasonable basis for the individual defendants to believe that probable cause for plaintiff's arrest existed.

19. Plaintiff was eventually taken to Central Booking, where he was further jailed for a period of time.

20. While plaintiff was still in defendants' custody, the individual defendants completed arrest paperwork in which they falsely claimed that plaintiff knowingly and unlawfully possessed a controlled substance.

21. This allegation, both generally, and as later specifically communicated

to prosecutors, was materially false and the individual defendants were aware at all times that the allegation was false.

22. The individual defendants either jointly participated in the creation of this arrest paperwork or were otherwise aware that the other individual defendant was creating or causing the creation of this paperwork.

23. The decision to arrest the plaintiff, the fabrication of allegations of criminal conduct and the surrounding circumstances, and the communication of the manufactured and otherwise materially inaccurate and misleading factual claims, were made jointly by the individual defendants, or with each other's knowledge and acquiescence, to justify plaintiff's unlawful arrest and persuade the New York District Attorney's office ("NYDA") to commence plaintiff's criminal prosecution.

24. In fact, as both defendants understood would happen, and wanted to bring about, the arrest paperwork, replete with fabricated and falsified claims and misleading and incomplete statements of fact, were forwarded to the NYDA while plaintiff was in defendants' custody for the express purpose of causing the initiation of plaintiff's criminal prosecution.

25. To the extent that either individual defendant did not personally, affirmatively participate in said conduct, he was aware that such conduct was occurring and would continue to occur, and deliberately and consciously failed to intervene in such conduct, despite ample opportunity to do so.

26. The individual defendants are therefore equally liable for the arrest of

the plaintiff and the commencement of his prosecution, because of their personal actions and their deliberate failure to intervene in the other's unconstitutional conduct, and thus they were, at all relevant times herein, acting jointly and in concert.

27. Plaintiff was eventually arraigned in New York Criminal Court and charged with two counts of criminal possession of a controlled substance under New York's Penal Law §220.03. These charges were founded entirely on defendant Kallop's sworn claim that he recovered from plaintiff's pocket "one rock of methahphetamine" and "eight pills of Methrlenedioxr-methamphetamine ('MDMA')," as well as Kallop's fabricated claim that plaintiff stated, to Kallop, "It's not crack. It's mali (sic)."

28. All criminal charges against plaintiff were ultimately dismissed and the criminal prosecution terminated in his favor.

**FIRST CAUSE OF ACTION**

(42 USC § 1983 Claims for False Arrest, Malicious Prosecution, and
Denial of Fair Trial against the Individual Defendants)

29. Plaintiff repeats the preceding allegations as though stated fully herein.

30. The individual defendants willfully and intentionally seized, arrested, and caused plaintiff to be imprisoned without any lawful basis, much less probable cause, and lacked any reasonable basis to believe probable cause existed.

31. To the extent that either individual defendant did not affirmatively seize or place plaintiff under arrest, that defendant was aware that plaintiff's constitutional rights were being and would continue to be violated, and failed to take any steps to intervene

in said unconstitutional conduct or otherwise protect plaintiff from harm, despite ample opportunity to do so.

32. The individual defendants fabricated and withheld material evidence, and misled prosecutors in order to manufacture a justification for the initial seizure of plaintiff, as well as justify their subsequent decision to arrest him despite the absence probable cause.

33. The individual defendants forwarded the fabricated evidence to the NYDA or otherwise knowingly caused the NYDA to be materially mislead as to the true circumstances and facts surrounding the seizure and arrest of plaintiff, did so with the intent of bringing about and sustaining plaintiff's criminal prosecution despite their knowledge that there was no probable cause to justify said prosecution, and in so doing caused plaintiff to be deprived of his liberty.

34. To the extent that either individual defendant did not affirmatively seize or place plaintiff under arrest, or fabricate evidence or engage in direct communications with the NYDA as alleged herein, said defendant was aware that the other individual defendant was or would be engaged in this unconstitutional conduct, and that plaintiff's constitutional rights were being and would continue to be violated, and yet failed to take any steps to intervene in said unconstitutional conduct or otherwise protect plaintiff from harm, despite ample opportunity to do so.

35. The individual defendants, individually and collectively, subjected plaintiff to (i) false arrest and imprisonment, (ii) denial of due process and the right to a fair

trial through the fabrication of evidence, and (iii) malicious prosecution, thereby violating, or aiding and abetting in the violation of, plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

36. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, lost earnings, imprisonment and the deprivation of liberty, as well as the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

(State Law Claims for False Arrest, Malicious Prosecution, and
Denial of Fair Trial against All Defendants)

37. Plaintiff repeats the preceding allegations as though stated fully herein.

38. Plaintiff was subjected to false arrest and false imprisonment when he was intentionally, willfully, maliciously, and/or with reckless disregard, seized, searched, and arrested without probable cause by the individual defendants.

39. Plaintiff was subjected to malicious prosecution and the denial of due process and his right to a fair trial when he was wrongly prosecuted without probable cause on the basis of evidence and/or testimony fabricated by the individual defendants.

40. The municipal defendant, the City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times herein acting within the scope of their employment as subordinate officers and agents of the municipal defendant.

41. The individual defendants are liable to plaintiff under state law, for (i) false arrest and imprisonment, (ii) malicious prosecution, and (iii) denial of due process and the right to a fair trial.

42. The municipal defendant is vicariously liable to plaintiff for the aforementioned bad acts of its agents and under state law, including (i) false arrest and imprisonment, (ii) malicious prosecution, and (iii) denial of due process and the right to a fair trial.

43. By reason thereof, the individual and municipal defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, lost earnings, imprisonment and the deprivation of liberty, as well as the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

WHEREFORE, plaintiff demands judgment against the defendants jointly and severally as follows:

    i. Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

    ii. Actual damages against the municipal defendant in an amount to be determined at trial;

    iii. Statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv. Such other relief as the Court deems just and proper.

Dated:   New York, New York
          August 29, 2016

                            LUMER & NEVILLE
                            Attorneys for Plaintiff
                            225 Broadway, Suite 2700
                            New York, New York 10007
                            (212) 566-5060

By: _____
      Michael B. Lumer (ML-1947)